UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ZACHARY KITT, *pro se*,

               Plaintiff,

               -against-

STATE OF NEW YORK,

               Defendant.
------------------------------------------------------------------ x

**SUMMARY ORDER**
13-CV-5571

**DORA L. IRIZARRY, United States District Judge:**

Zachary Kitt ("Plaintiff"), *pro se*,[1] filed the instant action against the State of New York ("Defendant"), challenging his conviction for vehicular assault in the first degree. (Plaintiff's Complaint ("Compl."), Dkt. Entry No. 1 ¶¶ 3-4.) Defendant moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the instant action in its entirety. (*See generally* Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def.'s Mem."), Dkt. Entry No. 13-1.) For the reasons set forth below, this action is dismissed as the Eleventh Amendment bars legal action against the states and this Court lacks jurisdiction to vacate the judgment of the New York State Supreme Court, Kings County.

**BACKGROUND**

On October 29, 2010, Plaintiff pled guilty to vehicular assault in the first degree in New York State Supreme Court, Kings County. *See People v. Kitt*, 102 A.D.3d 984,

---

[1]     *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases there is a "greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

984 (2d Dep't January 30, 2013). He was sentenced to a term of imprisonment of one to three years. (Def.'s Mem. at 1.) He was released on parole on March 22, 2011, and was discharged from parole supervision on September 22, 2012. (*See id.* at 2.)

Plaintiff appealed his conviction, which was affirmed on January 13, 2013. *See Kitt*, 102 A.D.3d 984 at 984-85. The New York State Court of Appeals denied leave to appeal on June 4, 2013. (*See* Order Denying Leave (N.Y. Jun. 4, 2013), attached to Compl.) There is nothing in the record to suggest that Plaintiff filed a collateral appeal. On October 7, 2013, Plaintiff filed the instant action claiming that, "[t]he court did not properly inform [him] of [his] 6th Amendment Constitutional Rights" and that as a result, he did not knowingly or voluntarily waive his Sixth Amendment rights. (Compl. ¶ 3.) Plaintiff asks this Court to vacate his guilty plea. (*Id.* ¶ 4.)

## DISCUSSION

### I. Legal Standard for Dismissal

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "lack of subject-matter jurisdiction." In evaluating a motion to dismiss under Rule 12(b)(1), the court accepts as true all factual allegations in the complaint; however, it should not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F. 3d 107, 110 (2d Cir. 2004) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F. 3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F. 3d

635, 638 (2d Cir. 2005). In determining the existence of subject matter jurisdiction, a district court may consider evidence outside the pleadings. *Arar v. Ashcroft*, 532 F. 3d 157, 168 (2d Cir. 2008) (citing *Makarova*, 201 F. 3d at 113).

## II.   Sovereign Immunity

The Eleventh Amendment states that, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state." U.S. Const. amend. XI. The Eleventh Amendment "deprives a federal court of power to decide certain claims against States that otherwise would be within the scope of Art III's grant of jurisdiction." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 119-20 (1984). "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* at 100. A state may waive immunity from suit in federal court, but waiver only applies "where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171 (1909)).

New York State is immune from this action as it has not waived its immunity from suit in federal courts. Accordingly, the Complaint is dismissed with prejudice.

## III.   Alternative Grounds for Dismissal

To the extent that this action may be construed as petition for a writ of habeas corpus, the Court lacks jurisdiction to entertain such a petition. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas

3

relief only from persons who are '*in custody*.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3)). Courts have interpreted "in custody" to mean "under the conviction or sentence under attack at the time [the] petition is filed." *Id.* at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). Plaintiff was not "in custody" at the time he filed this action because he already was released from prison and discharged from parole more than one year before he filed this action. (Def.'s Mem. at 4.) Thus, the Court cannot grant him habeas relief because he has not "made a substantial showing that he was in custody by reason of the denial of a constitutional right." *Finkelstein v. Spitzer*, 455 F. 3d 131, 133 (2d Cir. 2006) (denying certificate of appealability from district court's denial of habeas petition).

To the extent this action can be construed as a writ of *coram nobis*, the Court lacks jurisdiction. *See Finkelstein*, 455 F. 3d at 134 ("[D]istrict courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts."). Accordingly, even if the Eleventh Amendment did not bar suit against New York State, the Court lacks jurisdiction to entertain Plaintiff's claims.

## CONCLUSION

For the reasons set forth above, this action is dismissed with prejudice. Plaintiff is further denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 9, 2014

/s/
DORA L. IRIZARRY
United States District Judge